1  VAN A. GOODWIN, Bar No. 095170
   LENA K. SIMS, Bar No. 212904
2  CARYN M. ANDERSON, Bar No. 247038
   LITTLER MENDELSON
3  A Professional Corporation
   501 W. Broadway, Suite 900
4  San Diego, CA 92101.3577
   Telephone:    619.232.0441
5
   Attorneys for Defendant
6  MC COMMUNICATIONS, INC.

7

8                UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

   **FILED**

   2010 OCT 19  PM 1: 13

   CLERK US DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA

   BY_____DEPUTY

   **10 CV 2173    JM AJB**

10 | JOSE DELIO BACALSKI, individually,      | Case No. _____
   | and on behalf of other members of the   |
11 | public similarly situated,              | (San Diego County Superior Court Case No.
   |                                         | 37-2010-00100480-CU-OE-CTL)
12 |                      Plaintiff,         |
   |                                         | **DEFENDANT'S NOTICE OF
13 |      v.                                 | REMOVAL TO FEDERAL COURT**
   |                                         |
14 | MC COMMUNICATIONS, INC. and             |
   | DOES 1-10, inclusive,                   | [28 U.S.C. §§ 1332(d), 1441 and 1446]
15 |                                         |
   |                     Defendants.         |
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

2    DISTRICT OF CALIFORNIA:

3    PLEASE TAKE NOTICE that Defendant MC COMMUNICATIONS, INC. ("Defendant" or

4    "MC Communications") hereby removes the below-referenced action from the Superior Court in the

5    State of California for the County of San Diego to the United States District Court for the Southern

6    District of California. This removal is based on 28 U.S.C. sections 1332(d), 1441 and 1446, and on

7    the following grounds:

8    <u>**JURISDICTION**</u>

9    1.    This Court has original jurisdiction over this action under the Class Action Fairness

10   Act of 2005 ("CAFA"), which was enacted on February 18, 2005. *See* 28 U.S.C. § 1332(d). In

11   relevant part, CAFA grants District Courts original jurisdiction over civil class actions filed under

12   federal or State law in which any member of a class of plaintiffs is a citizen of a State different from

13   any defendant and where the amount in controversy for the putative class members in the aggregate

14   exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes the

15   removal of such actions pursuant to 28 U.S.C. section 1446. As set forth below, this case meets all

16   the requirements of CAFA for removal, and is timely and properly removed by the filing of this

17   Notice.

18   <u>**PLEADINGS, PROCESS AND ORDERS**</u>

19   2.    On September 17, 2010, Plaintiff JOSE DELIO BACALSKI ("Plaintiff") filed a

20   Class Action Complaint in the Superior Court of the State of California for the County of San Diego

21   entitled: *Jose Delio Bacalski, Individually and On Behalf of Other Members of the Public Similarly*

22   *Situated, v. MC Communications, Inc. and Does 1-10, inclusive,* Case No. 37-2010-00100480-CU-

23   OE-CTL (hereinafter "Complaint"). The Complaint alleges eight causes of action for: (1) violation

24   of California Labor Code sections 510 and 1198 (unpaid overtime); (2) violation of California Labor

25   Code sections 1194 and 1197 (unpaid minimum wages); (3) violation of California Labor Code

26   sections 201 and 202 (wages not timely paid on termination); (4) violation of California Labor Code

27   section 226(a) (non-compliant wage statements); (5) violation of California Labor Code sections

28   226.7 and 512(a) (unpaid meal period premiums); (6) violation of California Labor Code section

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT

1  226.7 (unpaid rest period premiums); (7) violation of California Labor Code section 2802

2  (unreimbursed business expenses); and (8) violation of California Business & Professions Code

3  sections 17200 *et seq.* (unfair competition). *See* Declaration of John Wehrman filed concurrently

4  herewith ("Wehrman Decl."), ¶ 3, Ex. A.)

5      3.    On September 20, 2010, copies of the Complaint and Summons, along with a Civil

6  Case Cover Sheet, a Notice of Case Assignment, Notice to Litigants/ADR Information Package and

7  Stipulation to Alternative Dispute Resolution Process were served on MC Communications.

8  Wehrman Decl., ¶ 3. True and correct copies of the Complaint, Summons, Civil Case Cover Sheet,

9  Notice of Case Assignment, Notice to Litigants/ADR Information Package and Stipulation to

10  Alternative Dispute Resolution Process are attached to the Declaration John Wehrman filed

11  concurrently herewith as Exhibits A and B. Defendant is informed and believes that the attached

12  exhibits constitute all process, pleadings, and orders filed in this action. *See* 28 U.S.C.

13  § 1446(d).

14      4.    This removal is timely in that it is filed within thirty (30) days from September 20,

15  2010, the date that MC Communications was served with the Summons and Complaint, and within

16  one year from the commencement of the action on September 17, 2010. *See* 28 U.S.C. § 1446(b).

17        **VENUE**

18      5.    Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391 and 1446.

19      **JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

20      6.    The CAFA states, in relevant part:

21      The district courts shall have original jurisdiction of any civil action in

22      which the matter in controversy **exceeds the sum or value of $5,000,000,**

23      exclusive of interest and costs, and is **a class action** in which – (A) any

24      **member of a class of plaintiffs is a citizen of a State different from any**

25      **defendant.**

26  28 U.S.C. § 1332(d)(2) [emphasis added]. CAFA also requires that there be at least 100 members in

27  the proposed class. 28 U.S.C. § 1332(d)(5)(B).

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

7.     As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that it is a class action filed on behalf of more than 100 people and at least one member (if not all) of the class of plaintiffs is a citizen of a State different from Defendant MC Communications, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

A.     **The Complaint was Filed As A Class Action With More Than 100 Purported Class Members**

8.     The Complaint has been filed as a class action. *See* Wehrman Decl., Ex. A at ¶ 1. The Complaint defines the purported class as all persons employed by MC Communications as "a technician or install technician ... in the state of California within four years prior to the filing of this complaint until resolution of the lawsuit." *Id.*, ¶ 17.

9.     This action has been brought on behalf of a class of more than 100 individuals. *Id.*, ¶ 18(a) ["The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one-hundred (100) individuals ...."].) In fact, at any given time during the four years preceding the filing of the Complaint, MC Communications employed more than 200 nonexempt, or hourly, paid employees in the State of California. *Id.*, ¶ 6.)

B.     **There Is Diversity Of Citizenship Between The Parties**

10.     Plaintiff currently is, and was at the time of the filing of this action, a resident and citizen of the State of California. Id., ¶ 9. A party's residence is his domicile. District of Columbia v. Murphy, 314 U.S. 441, 455 ["The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary"]; State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) [a party's residence is prima facie evidence of his domicile]; Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954) ["the place of residence is prima facie the domicile"]; Smith v. Simmons, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) [maintaining a place of residence provides a prima facie case of domicile].

11.     Defendant MC Communications is a citizen of the State of Nevada. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT                                    3.

courts apply the "nerve center test," which deems the principal place of business to be the State "where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S.Ct. 1181, 175 L. Ed. 2d 1029, 1041 (2010). In practice, the principle place of business is "where the corporation maintains its headquarters." *Id.*

12.     Defendant MC Communications is incorporated under the laws of the State of Nevada. Wehrman Decl., ¶ 4. Additionally, the principal executive offices of MC Communications and its corporate headquarters are located in the State of Nevada. *Id.*, ¶ 5. MC Communications is, therefore, a citizen of Nevada for purposes of diversity jurisdiction.

13.     Defendants Does 1 through 10 are fictitious. Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

14.     Accordingly, Plaintiff and MC Communications are citizens of different States. *See* 28 U.S.C. § 1441(a).

## C.     The Amount In Controversy

15.     The Complaint puts more than $5,000,000.00 in controversy. MC Communications denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Assuming Plaintiff's claims to be accurate for purposes of this removal only, however, it is readily apparent that the monetary relief sought in this action exceeds the jurisdictional minimum under CAFA. Korn v. Polo Ralph Lauren Corp., 536 F. Supp.2d 1199, 1205 (E.D. Cal. 2008) ["In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint"]; Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). Moreover, Plaintiff's allegations of "consistent" and/or "regular" violations support Defendant's assumption of at least one violation per workweek for removal purposes. *See e.g.*, Angus v. Shiley, Inc., 989 F.2d 142, 145-146 (3d. Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim"); Faltaous v. Johnson and Johnson, 2007 WL 3256833 at *8 and 9 (Nov. 5, 2007

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT

4.

1  D.N.J.) [under the "legal certainty" standard, the Court held that it is reasonable to assume that a

2  plaintiff is alleging three hours of overtime worked a week if he alleges a "regular" violation].

3      16.    Plaintiff's Complaint seeks unpaid wages, restitution and penalties on behalf of

4  "[a]ny and all persons who are or were employed as a technician or install technician ... by MC

5  Communications in the state [sic] of California within four years prior to the filing of the Complaint

6  until resolution of this lawsuit." Wehrman Decl., Ex. A at ¶ 17, Prayer for Relief. Plaintiff's claims

7  are based upon the allegations that, *inter alia*, Defendant MC Communications: (1) failed to pay

8  overtime wages; (2) failed to provide meal and rest periods; (3) failed to pay minimum wage; (4)

9  failed to comply with wage reporting requirements; (5) failed to reimburse employees for their

10  expenses; and (6) failed to pay wages upon termination. *Id.*, Ex. A.

11      17.    Plaintiff's Complaint is silent as to the total amount of monetary relief claimed with

12  respect to class claims. However, the failure of the Complaint to specify the total amount of

13  monetary relief sought by Plaintiff, and the putative class, does not deprive this Court of jurisdiction.

14  *See* White v. J.C. Penny Life Ins. Co., 861 F.Supp. 25, 26 (S.D. W.Va. 1994) [defendant may

15  remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount

16  in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ...

17  to place a specific dollar claim upon its claim"]. Defendant need only establish by a preponderance

18  of evidence that Plaintiff's claims exceeds the jurisdictional minimum. Sanchez v. Monumental Life

19  Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d

20  373, 376 (9th Cir. 1997).

21      18.    Plaintiff seeks to represent a "Waiting Time Subclass," which he defines as "[a]ll

22  California MC Communications employees whose employment with MC Communications was

23  terminated at any time within the three year period prior to the filing of this Complaint until

24  resolution of this lawsuit." Wehrman Decl., Ex. A at ¶ 17. Plaintiff also seeks to represent a

25  "Paystub Subclass," which he defines as "[a]ll California MC Communications employees who were

26  employed by MC Communications at any time within one year prior to the filing of this Complaint

27  until resolution of this lawsuit." *Id.* Plaintiff contends that each of these subclasses have at least 50

28  members. *Id.*, Ex. A at ¶ 18(a). Further, at any given time during the four year period preceding the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT             5.

1   filing of the Complaint on September 17, 2010, MC Communications employed more than 200 non-

2   exempt or hourly paid employees in the State of California. *Id.*, ¶ 6. During the four years

3   preceding the filing of the Complaint, MC Communications paid its non-exempt or hourly

4   employees in the State of California on a bi-weekly basis. *Id.*, ¶ 8. From September 17, 2010

5   through the present date, the approximate average hourly rate that MC Communications paid to

6   technicians and installation technicians was $20.00 per hour. *Id.*, ¶ 7. Technicians and install

7   technicians employed by MC Communications all relevant times alleged in the Complaint have at

8   worked an alternative workweek consisting of four 10-hour days each workweek, as authorized

9   under Labor Code section 511. *Id.*, ¶ 9.

10         19.   Plaintiff's First Cause of Action alleges that he and the putative class members

11   "consistently worked in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a

12   week." *Id.*, Ex. A at ¶ 30. Plaintiff seeks to recover overtime compensation for the four year period

13   prior to the filing of his Complaint, through the present. *Id.*, Ex. A at ¶ 35. MC Communications

14   denies Plaintiff's claims. Nevertheless, assuming *arguendo* that Plaintiff and the putative class

15   members were entitled to even one hour of overtime compensation per workweek, the potential

16   amount in controversy for this claim is **$1,200,000.00** ($20.00 [average hourly wage rate] x 1.5 [to

17   calculate the overtime rate of 1 ½ the regular hourly wage rate] x 50 [number of work weeks in a

18   year, excluding two weeks for vacation] x 4 [number of years] x 200 [number of non-exempt or

19   hourly paid employees at any given time] = $1,200,000.00).

20         20.   Plaintiff's Second Cause of Action alleges that he and the putative class members

21   "worked off-the-clock and were not paid for all the hours they worked," that they "were also

22   required to be paid, but were not paid for, for controlled 'standby' time" and that they were

23   "required to report to work, but were not furnished with work constituting half their usual shift and

24   were not paid reporting time pay in lieu thereof." *Id.*, Ex. A at ¶¶ 38-39. Plaintiff seeks to recover

25   "the unpaid balance of their minimum wage compensation," liquidated damages pursuant to Labor

26   Code section 1194.2, interest, costs, attorneys' fees. *Id.*, Ex. A at ¶ 41. MC Communications denies

27   Plaintiff's claims. Nevertheless, assuming *arguendo* that Plaintiff and the putative class members

28   were entitled to even one hour of extra compensation per week for time that was allegedly worked

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT                6.

off-the-clock, the potential amount in controversy for this claim is **$1,600,000.00** ($20.00 [average hourly wage rate] x 50 [number of work weeks in a year, excluding two weeks for vacation] x 4 [number of years] x 200 [number of non-exempt or hourly paid employees at any given time] x 2 [liquidated damages under Labor Code section 1194.2] = $1,600,000.00).

21.     Plaintiff's Third Cause of Action alleges that MC Communications "willfully failed and refused ... to pay Plaintiff and Waiting Time Subclass Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ." *Id.*, Ex. A at ¶ 44. Plaintiff seeks to recover waiting time penalties pursuant to Labor Code section 203. *Id.*, Ex. A at ¶ 46. MC Communications denies Plaintiff's claims. Nevertheless, assuming *arguendo* that Plaintiff and the minimum of 50 persons purportedly in the Waiting Time Subclass were entitled to waiting time penalties, the potential amount in controversy for this claim is **$300,000.00** ($20.00 [average hourly wage rate] x 10 hours per day [hours worked per shift on alternative work week] x 30 days [maximum statutory accrual time] x 50 [the minimum number of Waiting Time subclass members as stated in the Complaint, ¶ 18(a)] = $300,000.00).

22.     Plaintiff's Fourth Cause of Action alleges that he and the putative class members were not provided with complete and accurate wage statements for the year preceding the filing of the Complaint. *Id.*, Ex. A at ¶ 49. Plaintiff seeks to recover statutory penalties pursuant to Labor Code section 226(e). *Id.*, Ex. A at ¶ 51. MC Communications denies Plaintiff's claims. Nevertheless, assuming *arguendo* that Plaintiff and the putative Paystub Subclass members were provided with inaccurate wage statements on a bi-weekly basis and that they suffered damages as a result, the amount of penalties would be approximately $2,850.00 per employee ($50.00 for the first pay period + $100.00 x 28 pay subsequent periods within limitations period). Accordingly, the potential amount in controversy for this claim is **$570,000.00** ($2,850.00 [penalty per employee] x 200 [number of current nonexempt employees] = $570,000.00).

23.     Plaintiff's Fifth Cause of Action alleges that he and the putative class members were denied "first and sometimes the second meal breaks of not less than thirty (30) minutes." *Id.*, Ex. A at ¶ 55. Plaintiff seeks to recover meal period premiums in the amount of one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the meal period was

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1    not provided for the four year period prior to the filing of his Complaint, through the present. *Id.*,

2    Ex. A at ¶ 55. MC Communications denies Plaintiff's claims. Nevertheless, assuming *arguendo* that

3    Plaintiff and the putative class members were not provided with an uninterrupted meal period of not

4    less than 30 minutes on each day of work for half of their workdays, the potential amount in

5    controversy for this claim is **$1,600,000.00** ($20.00 [average hourly wage rate] x 200 [the number of

6    work days in a year on the alternative work week, excluding two weeks as vacation] x .5 [assuming a

7    meal break was missed two workdays per workweek] x 4 [number of years] x 200 [number of non-

8    exempt or hourly paid employees at any given time] = $1,600,000.00).

9        24.    Plaintiff's Sixth Cause of Action alleges that, for the four years prior to the filing of

10    the Complaint, MC Communications "failed to provide Plaintiff and Class Members the required

11    rest periods." *Id.*, Ex. A at ¶ 59. Plaintiff seeks to recover "one hour of premium pay for each day in

12    which a rest period was not provided." *Id.*, Ex. A at ¶ 60. MC Communications denies Plaintiff's

13    claims. Nevertheless, assuming *arguendo* that Plaintiff and the putative class members were not

14    provided with a rest period on each day of work and are therefore entitled to an hour of premium

15    wages for each such day, the potential amount in controversy for this claim is **$1,600,000.00** ($20.00

16    [average hourly wage rate] x 200 [number of work days in a year on the alternative work week,

17    excluding two weeks as vacation] x .5 [assuming a rest break was missed every other day] x 4

18    [number of years] x 200 [number of non-exempt or hourly paid employees at any given time] =

19    $1,600,000.00).

20        25.    Accordingly, based on the amounts in controversy for the overtime claim

21    [$1,200,000.00], minimum wage claim [$1,600,000.00], waiting time claim [$300,000.00], itemized

22    wage statement claim [$570,000.00], meal period claim [$1,600,000.00], and rest break claim

23    [$1,600,000.00], the amount in controversy is already **$6,870,000.00**, which is substantially more

24    than the jurisdictional amount required for removal under CAFA. This amount does not include the

25    amounts that Plaintiff seeks to recover for his Seventh and Eighth Causes of Action, for penalties

26    under the Private Attorneys General Act and Labor Code sections 2699 *et seq.*, and for alleged

27    violations of Labor Code section 2802. It also does not include the full penalties in controversy for

28    all of the claims itemized hereinabove. Angus v. Shiley, Inc., 989 F.2d at 145-146; Faltaous v.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT

8.

1 | <u>Johnson and Johnson,</u> 2007 WL 3256833 at *8 and 9.

2 |     26.    In addition, Plaintiff seeks an award of attorney's fees. *See* Wehrman Decl., Ex. A,

3 | Prayer for Relief. It is well-settled that in determining whether a complaint meets the amount in

4 | controversy requirement, the Court should consider attorney's fees. *See, e.g.*, <u>Bell v. Preferred Life,</u>

5 | 320 U.S. 238 (1943); <u>Goldberg v. C.P.C. Int'l, Inc.,</u> 678 F.2d 1365, 1367 (9th Cir. 1982).

6 |     27.    Removal of this action is, therefore, proper because the aggregate value of Plaintiff's

7 | claims for statutory penalties, civil penalties, compensatory damages and attorney fees is well in

8 | excess of the $5,000,000.00 jurisdictional requirement under CAFA.

9 | **NOTICE TO PLAINTIFF**

10 |     28.    Contemporaneously with the filing of this Notice of Removal in the United States

11 | District Court for the Southern District of California, written notice of such filing will be given by

12 | the undersigned to Plaintiff's counsel of record (Matthew S. Dente of The Dente Law Firm) and a

13 | copy of Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the

14 | County of San Diego, California.

15 |     WHEREFORE, having provided notice as required by law, the above-entitled action is

16 | hereby removed from the San Diego County Superior Court to this District Court.

17 | Dated: October _19_, 2010

LITTLER MENDELSON
A Professional Corporation

By: _Lena Kaufmin_
LENA K. SIMS

Attorneys for Defendant
MC COMMUNICATIONS, INC.

Firmwide:97702789.4 043277.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT

9.

**EXHIBIT A**

THE DENTE LAW FIRM
MATTHEW S. DENTE (SB# 241547)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone:     (619) 550-3475
Facsimile:     (619) 342-9668

ROBBINS UMEDA LLP
BRIAN J. ROBBINS (SB# 190264)
CONRAD B. STEPHENS (SB# 266790)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone:     (619) 525-3990
Facsimile:     (619) 525-3991

Attorneys for Plaintiff Jose Delio Bacalski
and for Class Members and Subclass Members

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| JOSE DELIO BACALSKI, Individually, and On Behalf of Other Members of the Public Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MC COMMUNICATIONS, INC. and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.  37-2010-00100490-CU-OE-CTL<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY OVERTIME WAGES;**<br><br>**(2) FAILURE TO PAY MINIMUM WAGES;**<br><br>**(3) FAILURE TO PAY WAGES DUE ON TERMINATION;**<br><br>**(4) FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS;**<br><br>**(5) FAILURE TO PROVIDE MEAL PERIODS;**<br><br>**(6) FAILURE TO PROVIDE REST PERIODS;**<br><br>**(7) FAILURE TO REIMBURSE EMPLOYEE EXPENSES; AND**<br><br>**(8) UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

1    COMES NOW Plaintiff Jose Delio Bacalski ("Plaintiff"), individually and on behalf of
2    other members of the public similarly situated, and asserts claims against defendants MC
3    Communications, Inc., ("MC Communications") and Does 1 through 10, inclusive (collectively
4    "Defendants") as follows:

5                    **NATURE AND SUMMARY OF THE ACTION**

6        1.    This is a class action brought against MC Communications by a former employee.
7    MC Communications employed Plaintiff as a technician to do cable installation work.  This
8    action alleges routine and systematic violations of California's Labor Code by Defendants and
9    seeks to remedy the Defendants' violations of law, including the California Labor Code, that have
10   caused substantial losses to Plaintiff.

11       2.    MC Communications operates as a cable television installation contractor.
12   According to Standard & Poor's, MC Communications operates in at least thirteen states,
13   including California.  MC Communications is an entity that Time Warner Communications uses
14   to outsource the installation of its cable service to its customers.

15       3.    Despite living in an astoundingly affluent society, workplace violations are severe
16   and widespread even in the 21st century.  In 2009, the Center for Urban Economic Development,
17   the National Employment Law Project, and the U.C.L.A. Institute for Research on Labor and
18   Employment conducted a survey on labor law violations.  The survey revealed that "many
19   employment and labor laws are *regularly and systematically violated*."  The New York Times
20   summarized the report by stating "[w]orkers told of employers who ignored the minimum wage,
21   denied overtime, took illegal deductions to pay for tools or transportation, or forced them to work
22   unpaid before or after their shifts.  More than two-thirds of them had endured at least one wage
23   violation in the previous workweek.  More than a quarter had been paid less than the minimum
24   wage, often by more than $1 an hour. Violations typically robbed workers of $51 a week...."

25       4.    Compliance with the California Labor Code assures that the employees of
26   companies operating in California are compensated and treated justly.  The California Labor
27   Code is a tool used to safeguard the rights of the workers from unjust employers.  This action
28   seeks appropriate penalties and other relief for significant violations of the California Labor Code

- 1 -

COMPLAINT FOR DAMAGES

by Defendants.

## JURISDICTION AND VENUE

5.    This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

6.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not give jurisdiction to any other court.

7.    This Court has jurisdiction over Defendants because, upon information and belief, each defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

8.    Venue is proper in this Court because Plaintiff and, upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this county and the acts or omissions alleged herein took place in this county.

## PARTIES

9.    Plaintiff is, and at all times mentioned in this Complaint was, a resident of San Diego County, California.

10.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein MC Communications ("Defendant") is a corporation licensed and qualified to do business in California. On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendant did and continues to transact business in California, with business addresses located at 8454 Commerce Ave., #A, San Diego, California, 199 E. 27th St., National City, California, 8811 Production Ave., San Diego, California, and 1300 N. Johnson Ave., Suite 105, El Cajon, California.

11.    Whenever in this complaint reference is made to any act, deed, or conduct of

- 2 -

1    Defendant, the allegation means that Defendant engaged in the act, deed, or conduct by or
2    through one or more of its officers, directors, agents, employees, or representatives, who was
3    actively engaged in the management, direction, control, or transaction of the ordinary business
4    and affairs of Defendant.

5         12.    Plaintiff is ignorant of the true names and capacities, whether individual,
6    corporate, associate, or otherwise, of the defendants sued herein as Does 1 through 10, inclusive
7    and therefore sues said defendants (the "Doe Defendants") by such fictitious names. Plaintiff will
8    amend this Complaint to insert the true names and capacities of the Doe Defendants at such time
9    as the identities of the Doe Defendants have been ascertained.

10         13.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are
11    the partners, agents, or principals and co-conspirators of Defendant, and of each other; that
12    Defendant and the Doe Defendants performed the acts and conduct herein alleged directly, aided
13    and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the
14    benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent
15    of the liability of the Defendants as alleged herein.

16         14.    Plaintiff is further informed and believes, and thereon alleges, that at all times
17    herein material, each defendant was completely dominated and controlled by its co-defendants
18    and each was the alter ego of the other. Whenever and wherever reference is made in this
19    complaint to any conduct by Defendant or Defendants, such allegations and references shall also
20    be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and
21    severally. Whenever and wherever reference is made to individuals who are not named as
22    defendants in this complaint, but were employees and/or agents of Defendants, such individuals at
23    all relevant times acted on behalf of Defendants named in this complaint within the scope of their
24    respective employments.

25

26

27

28

- 3 -

**COMPLAINT FOR DAMAGES**

## CLASS ACTION ALLEGATIONS

15.    Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

16.    All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

17.    The proposed Class is comprised of and defined as:

> "Any and all persons who are or were employed as a technician or install technician or equivalent position, however titled, by MC Communications in the state of California within four years prior to the filing of this complaint until resolution of this lawsuit (hereinafter collectively referred to as "Class Members")."

The proposed Waiting Time Subclass is comprised of and defined as:

> "All California MC Communications employees whose employment with MC Communications was terminated at any time within the three year period prior to the filing of this Complaint until resolution of this lawsuit (collectively the "Waiting Time Subclass Members")."

The proposed Paystub Subclass is comprised of and defined as:

> "All California MC Communications employees who were employed by MC Communications at any time within one year prior to the filing of this Complaint until resolution of this lawsuit (collectively the "Paystub Subclass Members")." (Paystub Subclass Members and Waiting Time Subclass Members are collectively referred to as "Subclass Members" where appropriate.)

18.    There is a well defined community of interest in this litigation and the Class and Subclasses are easily ascertainable as set forth below:

a.    Numerosity:  The members of the Class and Subclasses are so numerous that joinder of all Class Members and Subclass Members would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however,

- 4 -

the Class is estimated to be greater than one hundred (100) individuals and the Subclasses are estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

      b.    Typicality:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each Class Member and Subclass Members with whom he has a well defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any Class Member and/or Subclass Members, and the relief sought is typical of the relief which would be sought by each of the Class Members and/or Subclass Members in separate actions. All Class Members and Subclass Members have been similarly harmed by being denied minimum wages as well as overtime and regular wages due to Defendants' policies and practices that affected Class Members and Subclass Members similarly. Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member and Subclass Member.

      c.    Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each Class Member and Subclass Member with whom he has a well defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member and/or Subclass Member. Plaintiff's attorneys and the proposed Class and Subclass counsel are versed in the rules governing class action discovery, certification, and settlement and experienced in handling such matters.

      d.    Superiority:  The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members and/or Subclass Members, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of the Class Members' and/or Subclass Members' rights and the disposition of their interests through actions to which they were not parties.

- 5 -

COMPLAINT FOR DAMAGES

e.    Public Policy Considerations: Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear for retaliation or damage.

19.    There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual members including, but not limited to:

a.    Whether Defendants failed to pay legally required minimum wage for all hours worked;

b.    Whether Defendants' failure to pay legally required minimum wage for all hours worked was willful;

c.    Whether Defendants failed to pay legally required premium overtime compensation to Plaintiff and Class Members for hours Plaintiff and Class Members worked in excess of eight (8) hours per day and forty (40) hours per week;

d.    Whether Defendants' failure to pay premium overtime compensation, without abatement or reduction, in accordance with the California Labor Code was willful;

e.    Whether Defendants failed to timely pay wages during employment in accordance with California Labor Code requirements;

f.    Whether Defendants failed to pay Plaintiff and Waiting Time Subclass Members all wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ;

d.    Whether Defendants complied with the wage reporting requirements of the California Labor Code, including, but not limited to, § 226;

e.    Whether Defendants' conduct was willful and/or reckless;

f.    Whether Defendants failed to reimburse Plaintiff and Class Members for business expenses incurred in violation of California Labor Code § 2802;

g.    Whether Defendants engaged in unfair competition in violation of

- 6 -

California Business & Professions Code § 17200, et seq.; and

      h.     The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

## FACTUAL ALLEGATIONS

20.    At all times set forth herein, Defendants employed Plaintiff and other persons similarly situated as technicians/installation technicians or equivalent positions with similar job duties, however titled, to provide cable installation services throughout the state of California.

21.    Defendants employed Plaintiff as a technician/installation technician in February 2007 through July 2008 and May 2009 through August 31, 2010.

22.    Defendants continue to employ technicians/installation technicians or equivalent positions with similar job duties, however titled, throughout the state of California.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

24.    Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew and/or should have known that Plaintiff and the other class members were entitled to receive minimum wages as well as premium wages for overtime compensation and that they were not receiving minimum wages and/or premium wages for overtime compensation.

25.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and class members premium wages for overtime compensation, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

26.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants willfully failed to timely pay wages to current and former employees in accordance with the requirements of California's Labor Code, including §§ 201 and 202.

- 7 -

## FIRST CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME WAGES

### (By Plaintiff and Class Against All Defendants)

27.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

28.    At all times relevant, the Industrial Welfare Commission ("IWC") Wage Orders applicable to Plaintiff's and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of time-and-one-half his or her regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of two times his or her regular rate of pay.

29.    California Labor Code § 510 codifies the right to overtime compensation at the rate of time-and-one-half the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

30.    At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

31.    At all times relevant, Defendants failed to pay overtime wages owed to Plaintiff and Class Members.

32.    At all times relevant, Plaintiff and Class Members regularly performed non-exempt work in excess of 50% of the time, and thus, were subject to the overtime requirements of the applicable IWC Wage Orders and the California Labor Code.

33.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of premium overtime compensation violates the provisions of California Labor Code §§ 510 and 1198 and the applicable IWC Wage Orders and is therefore unlawful.

34.    Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the

- 8 -

1    overtime wages owed.

2        35.    Pursuant to California Labor Code § 1194, Plaintiff and Class Members are

3    entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys'

4    foes.

5    <u>**SECOND CAUSE OF ACTION FOR FAILURE TO PAY WAGES DUE**</u>

6    **(By Plaintiff and Class Against All Defendants)**

7        36.    Plaintiff incorporates by reference and realleges each and every allegation

8    contained above, as though fully set forth herein.

9        37.    At all relevant times, California Labor Code § 1197 provides that the minimum

10    wage for employees fixed by the IWC is the minimum wage to bo paid to employees, and the

11    payment of a lesser wage than the established minimum is unlawful.

12        38.    During the relevant time period, Plaintiffs and Class Members worked off-the-

13    clock and were not paid for all hours that they worked. Plaintiff and Class Members were also

14    required to be paid, but were not paid, for controlled "standby" time.

15        39.    Plaintiffs and Class Members were required to report to work, but were not

16    furnished with work constituting half their usual shift and were not paid reporting time pay in lieu

17    thereof.

18        40.    During the relevant time period, Defendants regularly failed to pay minimum wage

19    to Plaintiff and Class Members as required. Defendants' failure to pay Plaintiff and Class

20    Members the minimum wage as required violates California Labor Code § 1197.

21        41.    Plaintiffs and Class Members are entitled to recover the unpaid balance of their

22    minimum wage compensation as well as interest, costs, and attorneys' fees pursuant to California

23    Labor Code § 1194 and liquidated damages in an amount equal to the wages unlawfully unpaid

24    and interest thereon pursuant to California Labor Code § 1194.2.

25    **THIRD CAUSE OF ACTION FOR FAILURE**

26    **TO PAY WAGES DUE ON TERMINATION**

27    **(By Plaintiff and Waiting Time Subclass Against All Defendants)**

28        42.    Plaintiff incorporates by reference and realleges each and every allegation

- 9 -

1    contained above, as though fully set forth herein.

2        43.    California Labor Code §§ 201 and 202 require an employer who discharges an

3    employee to pay compensation due and owing to said employee immediately upon discharge and

4    that if an employee voluntarily leaves his or her employment, his or her wages shall become due

5    and payable not later than seventy-two (72) hours thereafter, unless the employee has given

6    seventy-two (72) hours previous notice of his or her intention to quit in which case the employee

7    is entitled to his or her wages on their last day of work.  California Labor Code § 203 provides

8    that if an employer willfully fails to pay compensation promptly upon discharge, as required by

9    §§ 201 and 202, the employer is liable for waiting time penalties in the form of continued

10   compensation for up to thirty (30) work days.

11       44.    During the relevant time period, Defendants willfully failed and refused, and

12   continue to willfully fail and refuse, to pay Plaintiff and Waiting Time Subclass Members their

13   wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of

14   their voluntarily leaving Defendants' employ.

15       45.    Defendants' willful failure to pay Plaintiff and Waiting Time Subclass Members

16   their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their

17   voluntarily leaving Defendants' employ, violates California Labor Code §§ 201 and 202.

18       46.    As a result, Defendants are liable to Plaintiff and Waiting Time Subclass Members

19   for waiting time penalties pursuant to California Labor Code § 203, in an amount according to

20   proof at the time of trial.

21              **FOURTH CAUSE OF ACTION FOR FAILURE TO**
22              **ISSUE ACCURATE ITEMIZED WAGE STATEMENTS**
                **(By Plaintiff And Paystub Subclass Against All Defendants)**
23

24       47.    Plaintiff incorporates by reference and realleges each and every allegation

25   contained above, as though fully set forth herein.

26       48.    California Labor Code § 226(a) sets forth reporting requirements for employers

27   when they pay wages: "Every employer shall ... at the time of each payment of wages, furnish

28   each of his or her employees ... an accurate itemized statement in writing showing (1) gross

- 10 -

COMPLAINT FOR DAMAGES

1    wages earned, (2) total hours worked by the employee ..., (3) the number of piece-rate units

2    earned and any applicable piece rate if the employee is paid on a piece-rate basis ..., (5) net

3    wages earned ..., (6) the inclusive dates of the period for which the employee is paid ..., and (9)

4    all applicable hourly rates in effect during the pay period and the corresponding number of hours

5    worked at each hourly rate by the employee."  California Labor Code § 226(e) provides:  "An

6    employee suffering injury as a result of a knowing and intentional failure by an employer to

7    comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars

8    ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per

9    employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of

10   four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable

11   attorney's fees."

12        49.    Defendants intentionally failed, and continue to fail, to furnish Plaintiff and

13   Paystub Subclass Members complete and accurate wage statements upon each payment of wages

14   in violation of California Labor Code § 226(a).  Plaintiff and Paystub Subclass Members were

15   injured and damaged by these failures because, among other things, these failures led them to

16   believe that they were not entitled to be paid wages for all hours they worked as we all as

17   overtime premium pay, although they were so entitled.  Defendants' failure to comply with Labor

18   Code § 226(a) also hindered Plaintiff and Paystub Subclass Members from determining the

19   amounts of wages actually owed to them.

20        50.    Defendants will no doubt continue these illegal practices until such time as they

21   are forced to pay penalties in compliance with Labor Code § 226(e).

22        51.    Plaintiff and Paystub Subclass Members, are entitled to recover statutory penalties,

23   interest, and attorneys' fees and costs pursuant to Labor Code § 226(e).

24        **FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS**

25              **(By Plaintiff and Class Against All Defendants)**

26        52.    Plaintiff incorporates by reference and realleges each and every allegation

27   contained above, as though fully set forth herein.

28        53.    Pursuant to California Labor Code § 512, no employer shall employ an employee

- 11 -

COMPLAINT FOR DAMAGES

1    for a work period of more than five (5) hours without providing a meal break of not less than

2    thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may

3    not employ an employee for a work period of more than ten (10) hours per day without providing

4    the employee with a second meal period of not less than thirty (30) minutes, except that if the

5    total hours worked is no more than twelve (12) hours, the second meal period may be waived by

6    mutual consent of the employer and the employee only if the first meal period was not waived.

7        54.    Pursuant to the IWC Wage Orders applicable to Plaintiff's and Class Members'

8    employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of

9    the work of the employee must prevent an employee from being relieved of all duties relating to

10   his or her work for the employer and the employee must consent in writing to the "on duty" meal

11   period. Plaintiff and Class Members did not consent in writing to an "on duty" meal period.

12   Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and

13   Class Members are prevented from being relieved of all duties. Despite said requirements of the

14   IWC Wage Orders applicable to Plaintiff's and Class Members' employment by Defendants and

15   California Labor Code §§ 512 and 226.7, Plaintiff and Class Members were not provided with

16   meal periods and were not relieved of all duties during any meal periods Plaintiff and Class

17   Members did take.

18       55.    For the four (4) years preceding the filing of this complaint, Defendants failed to

19   provide Plaintiff and Class Members, in their roles as technicians/installation technicians or

20   equivalent positions with similar job duties, however titled, first and sometimes the second meal

21   breaks of not less than thirty (30) minutes pursuant to the IWC Wage Orders applicable to

22   Plaintiff's and Class Members' employment by Defendants. As a proximate result of the

23   aforementioned violations, Plaintiff and Class Members have been damaged in an amount

24   according to proof at time of trial.

25       56.    Pursuant to California Labor Code § 226.7, Plaintiff and Class Members are

26   entitled to recover one hour of premium pay for each day in which a meal period was not

27   provided.

28

- 12 -

**COMPLAINT FOR DAMAGES**

1     <u>**SIXTH CAUSE OF ACTION FOR FAILURE TO PROVIDE REST PERIODS**</u>

2                  **(By Plaintiff and Class Against All Defendants)**

3        57.     Plaintiff incorporates by reference and realleges each and every allegation

4 contained above, as though fully set forth herein.

5        58.     Pursuant to the IWC Wage Orders applicable to Plaintiff's and Class Members'

6 employment by Defendants, "[e]very employer shall authorize and permit all employees to take

7 rest periods, which insofar as practicable shall be in the middle of each work period. The

8 authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

9 minutes net rest time per four (4) hours or major fraction thereof ... Authorized rest period time

10 shall be counted, as hours worked, for which there shall be no deduction from wages." California

11 Labor Code § 226.7 (a) prohibits an employer from requiring any employee to work during any

12 rest period mandated by an applicable order of the IWC. Defendants were required to authorize

13 and permit employees such as Plaintiff and Class Members to take rest periods, based upon the

14 total hours worked at a rate of ten (10) minutes net rest per four (4) hours or major fraction

15 thereof, with no deduction from wages. Despite said requirements of the IWC Wage Orders

16 applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed and

17 refused to authorize and permit Plaintiff and Class Members to take 10-minute rest periods for

18 every four hours worked, or major fraction thereof.

19        59.     For the four (4) years preceding the filing of this complaint, Defendants failed to

20 provide Plaintiff and Class Members the required rest periods pursuant to the IWC Wage Orders

21 applicable to Plaintiff's and Class Members' employment by Defendants and California Labor

22 Code § 226.7. As a proximate result of the aforementioned violations, Plaintiff and Class

23 Members have been damaged in an amount according to proof at time of trial.

24        60.     Pursuant to Labor Code and § 226.7, Plaintiff and Class Members are entitled to

25 recover one hour of premium pay for each day in which a rest period was not provided.

26     <u>**SEVENTH CAUSE OF ACTION FOR UNREIMBURSED BUSINESS EXPENSES**</u>

27                  **(By Plaintiff and Class Against All Defendants)**

28        61.     Plaintiff incorporates by reference and realleges each and every allegation

**COMPLAINT FOR DAMAGES**

1    contained above, as though fully set forth herein.

2        62.    California Labor Code § 2802 provides in pertinent part that: "An employer shall

3    indemnify his or her employee for all necessary expenditures or losses incurred by the employee

4    in direct consequence of the discharge of his or her duties ...."

5        63.    For the four year period preceding the filing of this complaint, Plaintiff and Class

6    Members have been required to incur and pay for expenses in the discharge of their employment

7    duties including, but not limited to, purchasing supplies, maps, navigation equipment, and power

8    tools, all without reimbursement from Defendants.

9        64.    As a proximate result of Defendants' violations of Labor Code § 2802, Plaintiff

10    and Class Members have been damaged in an amount according to proof.

11        65.    Plaintiff and Class Members, are entitled to recover the full amount of the

12    expenses they incurred in the course of their job duties, plus interest, attorneys' fees and costs

13    pursuant to Labor Code § 2802.

14              __EIGHTH CAUSE OF ACTION FOR UNFAIR COMPETITION__

15              **(By Plaintiff and Class Against All Defendants)**

16        66.    Plaintiff repeats and incorporates herein by reference each and every allegation

17    contained above, as though fully set forth herein.

18        67.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

19    unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

20    general public.  Plaintiff seeks to enforce important rights affecting the public interest within the

21    meaning of California Code of Civil Procedure § 1021.5.

22        68.    Defendants' policies, activities, and actions as alleged herein are violations of

23    California law and constitute unlawful business acts and practices in violation of California

24    Business and Professions Code §§ 17200, et seq.

25        69.    A violation of California Business and Professions Code §§ 17200, et seq. may be

26    predicated on the violation of any state or federal law.  In the instant case, Defendants' policies

27    and practices of failing to pay Plaintiff and Class Members minimum and overtime wages, among

28    the other statutory violations alleged herein, over the past four years violates California Labor

- 14 -

**COMPLAINT FOR DAMAGES**

1 | Code §§ 1198, 2802, 510, 512, 203, and 226.

2 |     70.   Plaintiff and Class Members have been personally aggrieved by Defendants'
3 | unlawful and unfair business acts and practices alleged herein by the loss of money and/or
4 | property.

5 |     71.   Pursuant to California Business and Professions Code § 17200, et seq., Plaintiff
6 | and Class Members are entitled to restitution of the wages withheld and retained by Defendants
7 | during a period that commences four years prior to the filing of this complaint; an award of
8 | attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, and an award of costs.

9 | **PRAYER FOR RELIEF**

10 |     WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

11 | Class Certification

12 | 1.    That this action be certified as a class action;

13 | 2.    That Plaintiff be appointed as the representative of the Class;

14 | 3.    That Plaintiff be appointed as the representative of the Subclasses; and

15 | 4.    That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

16 | On the First Cause of Action

17 | 1.    For compensatory damages in an amount equal to the amount of unpaid overtime
18 | compensation owed to Plaintiff and Class Members;

19 | 2.    For pre-judgment interest on any unpaid overtime compensation due from the day
20 | that such amounts were due;

21 | 3.    For reasonable attorneys' fees and costs pursuant to Labor Code § 1194; and

22 | 4.    For such other and further relief as the Court deems proper.

23 | On the Second Cause of Action

24 | 1.    For compensatory damages in an amount equal to the amount of unpaid minimum
25 | wage compensation owed to Plaintiff and Class Members;

26 | 2.    For pre-judgment interest on any unpaid minimum wage compensation due from
27 | the day that such amounts were due;

28 | 3.    For liquidated damages in an amount equal to the wages unlawfully unpaid and

- 15 -

**COMPLAINT FOR DAMAGES**

1  interest thereon pursuant to California Labor Code § 1194.2;

2       4.    For reasonable attorneys' fees and costs pursuant to Labor Code § 1194; and

3       5.    For such other and further relief as the Court deems proper.

4  On the Third Cause of Action

5       1.    For statutory penalties pursuant to California Labor Code § 203; and

6       2.    For such other and further relief as the Court deems proper.

7  On the Fourth Cause of Action

8       1.    For statutory damages measured at $50 for the first violation, and $100 for every

9  subsequent violation, pursuant to California Labor Code § 226(e);

10      2.    For reasonable attorneys' fees and costs pursuant to California Labor Code

11 § 226(e); and

12      3.    For such other and further relief as the Court deems proper.

13 On the Fifth Cause of Action

14      1.    For one hour of premium pay for each day in which a required meal period was

15 not provided; and

16      2.    For such other and further relief as the Court deems proper.

17 On the Sixth Cause of Action

18      1.    For one hour of premium pay for each day in which a required rest period was not

19 provided; and

20      2.    For such other and further relief as the Court deems proper.

21 On the Seventh Cause of Action

22      1.    For compensatory damages in an amount equal to the amount of unreimbursed

23 business expenses owed to Plaintiff and Class Members;

24      2.    For pre-judgment interest on any unreimbursed business expenses due from the

25 day that such amounts were to be reimbursed;

26      3.    For reasonable attorneys' fees and costs pursuant to California Labor Code § 2802;

27 and

28      4.    For such other and further relief as the Court deems proper.

- 16 -

**COMPLAINT FOR DAMAGES**

## On the Eighth Cause of Action

1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay minimum and overtime wages over the last four years in an amount according to proof;

2.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four years in an amount according to proof;

3.    For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure § 1021.5;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Class Members, and Subclass Members demand a trial by jury in this matter.

Dated: September 17, 2010                    ROBBINS UMEDA LLP
                                             THE DENTE LAW FIRM


                                             By: _____
                                             MATTHEW S. DENTE (SB# 241547)

                                             Attorneys for Plaintiff Jose Delio Bacalski
                                             and for Class Members and SubClass Members

527800

- 17 -

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CENTRAL DIVISION

2010 SEP 17 PM 1:38

SAN DIEGO SUPERIOR COURT
COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MC COMMUNICATIONS, INC. AND DOES 1-10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE DELIO BACALSKI, INDIVIDUALLY, AND ON BEHALF OF
OTHER MEMBERS OF THE PUBLIC SIMILARLY SITUATED

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es:) San Diego Superior Court, Central Div. | CASE NUMBER:<br>(Número del Caso):<br>37-2010-00100480-CU-OE-CTL |
| --- | --- |

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
The Dente Law Firm, Matthew S. Dente, 600 B Street, Suite 1900, San Diego, CA 92101, (619) 550-3475

| DATE:<br>(Fecha) SEP 17 2010 | Clerk, by<br>(Secretario) R. SMITH | , Deputy<br>(Adjunto) |
| --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): MC Communications Inc

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☒ by personal delivery on (date): 9-20-2010

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| THE DENTE LAW FIRM<br>MATTHEW S. DENTE (SB#241547)<br>600 B Street, Suite 1900<br>San Diego, CA 92101 | ROBBINS UMEDA LLP<br>BRIAN J. ROBBINS (SB#190264)<br>600 B Street, Suite 1900<br>San Diego, CA 92101 | |

TELEPHONE NO.: (619) 550-3475    FAX NO.: (619) 342-9668

ATTORNEY FOR (Name): Jose Delio Bacalski

2010 SEP 17  PM 1: 39

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Bacalski, et al. v. MC Communications, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2010-00100480-CU-OE-CTL<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify): 8

5. This case ☑ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 17, 2010

Matthew S. Dente
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice— Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7062 | |

| PLAINTIFF(S) / PETITIONER(S):    Jose Delio Bacalski |
|---|

| DEFENDANT(S) / RESPONDENT(S):  MC Communications Inc |
|---|

BACALSKI VS. MC COMMUNICATIONS INC.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2010-00100480-CU-OE-CTL |
|---|---|

Judge:  Ronald L. Styn                                      Department: C-62

**COMPLAINT/PETITION FILED:** 09/17/2010

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

CASE NUMBER: 37-2010-00100480-CU-OE-CTL     CASE TITLE: Bacalski vs. MC Communications Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR — i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute -- the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:       330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:        Central | |

| PLAINTIFF(S):   Jose Dello Bacalski |
|---|
| DEFENDANT(S): MC Communications Inc |
| SHORT TITLE:   BACALSKI VS. MC COMMUNICATIONS INC |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2010-00100480-CU-OE-CTL |
|---|---|

Judge: Ronald L. Styn                                                      Department: C-62

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                      ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                         ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                        Name of Defendant

_____          _____
Signature                                                Signature

_____          _____
Name of Plaintiff's Attorney                           Name of Defendant's Attorney

_____          _____
Signature                                                Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 09/17/2010

_____
                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)          STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page: 1

3

JS 44 (Rev. 12/07) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOSE DELIO BACALSKI, Individually, and On Behalf of Other Members of th Public Similarly Situated | MC COMMUNICATIONS, INC. and DOES 1 - 10, Inclusive |

FILED
2010 OCT 19 PM 1:10

| (b) County of Residence of First Listed Plaintiff <u>San Diego County, CA</u> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant <u>Clark County, NV</u> (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|

BY _____ DEPUTY

| (c) Attorney's (Firm Name, Address, and Telephone Number) Matthew S. Dente, The Dente Law Firm 600 B Street, Suite 1900, San Diego, CA 92101 Telephone: (619) 232-550-3475 | Attorneys (If Known) Van A. Goodwin Lena K. Sims Caryn M. Anderson Littler Mendelson, 501 West Broadway, Suite 900, San Diego, CA 92101 Telephone: (619) 232-0441 |
|---|---|

Brian J. Robbins
Conrad B. Stephens
Robbins Umeda LLP, 600 B Street, Suite 1900, San Diego, CA 92101
Telephone: (619) 525-3990

'10 CV 2173    JM  AJB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☒ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | or Defendant) | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | **IMMIGRATION** | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | Other | | ☐ 463 Habeas Corpus – | | State Statutes |
| | ☐ 440 Other Civil Rights | | Alien Detainee | | |
| | | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Class Action Fairness Act of 1995, 28 U.S.C. § 1332(d) |
|---|---|
| | Brief description of cause: Plaintiff, on behalf of himself and other members of the public similarly situated, asserts violations of California's Labor Code including: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to pay wages due on termination; (4) failure to issue accurate wage statements; (5) failure to provide meal periods; (6) failure to provide rest periods; (7) failure to reimburse employee expenses; and unfair competition. |

| **VII. REQUESTED IN COMPLAINT:** | ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ttt.00 | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

10-19-10 $350 TB 19358

American LegalNet, Inc. www.FormsWorkflow.com

**VIII. RELATED CASE(S)**
     **IF ANY**    (See instructions)    JUDGE _____         DOCKET NUMBER _____

DATE                        SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019358
Cashier ID: mbain
Transaction Date: 10/19/2010
Payer Name: NATIONWIDE LEGAL
----------------------------------
CIVIL FILING FEE
 For: BACALSKI V MC COMMUNICATIONS
 Case/Party: D-CAS-3-10-CV-002173-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 133236
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```